This case was reviewed by the Full Commission on June 25, 1995 upon appeal of plaintiff from an Order of Removal by former Deputy Commissioner Tamara R. Nance, removing plaintiff's case from the hearing docket because plaintiff failed to appear at a hearing and further stating that costs and attorney's fees would be assessed against plaintiff. An "Order for the Full Commission" was filed by former Commissioner J. Randolph Ward on January 27, 1997, finding and concluding that plaintiff had no obligation to attend the hearing for the reasons set forth in the order. The Full Commission's Order did not reverse or vacate the Order of Removal of the deputy commissioner, but did reopen the record and ordered the parties to submit medical evidence of plaintiff's permanent partial disability.
It appeared at the time of the hearing before the Full Commission that the only substantive issue left for determination was the amount of permanent partial disability due the plaintiff. The Full Commission was of the opinion that this issue could be determined without a hearing.
The parties have submitted deposition testimony by Dr. Margaret Ober Burke, who is board certified in physical medicine and rehabilitation. Dr. Burke rated plaintiff with a ten percent (10%) permanent partial disability of the back on June 2, 1993, but later changed her mind and reduced her rating to five percent (5%) based upon viewing a videotape mailed to her by counsel for defendant. This videotape was sent to Dr. Burke without the knowledge of plaintiff. Dr. Burke also had some oral telephonic communication about the videotape with representatives of defendant-carrier. Plaintiff has moved to strike the testimony of Dr. Burke in regard to her second rating on the ground that her change of rating was caused by impermissive, nonconsensual exparte communication between Dr. Burke and defendants' attorney and defendants' agents. Dr. Burke was plaintiff's treating physician during the period from March 23, 1993 through June 2, 1993, including the period from May 26, 1993 to June 2, 1993 when plaintiff was an in-patient at Thoms Rehabilitation Hospital. Defendants have alleged that plaintiff has misrepresented the extent of his disability.
The Full Commission concludes that it is unable to adequately decide all of the issues raised without an evidentiary hearing.
It is THEREFORE ORDERED as follows:
1. The Order of Removal by former Deputy Commissioner Tamara R. Nance dated September 20, 1994 is VACATED.
2. Plaintiff's motion to exclude the deposition testimony of Dr. Burke relating to her change of opinion and the letter dated July 2, 1993 from Dr. Burke to Marian Crump is RESERVED for determination by a deputy commissioner after an evidentiary hearing.
3. The question of whether defendant's videotape should also be excluded is RESERVED for determination in the first instance by a deputy commissioner on remand of this case.
4. This case is REMANDED to the deputy commissioner level for a hearing on all outstanding issues if mediation impasses.
5. IT IS FURTHER ORDERED that this case is referred to Mediation.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN (substituted)